(No. 00086— 

*In re* APPLICATION OF BETTY F. PINE.

Opinion filed July 9, 1979.

BETTY F. PINE, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arose from the death of an investigator employed by the Consumer Fraud Division of the Illinois Attorney General's office in Springfield, Illinois. The Claimant seeks payment of compensation as the decedent's beneficiary pursuant to the provisions of the "Law Enforcement officers and Firemen Compensation Act," (hereafter, the Act). Ill. Rev. Stat. 1977, ch. 48, par. 281 *et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General, a written statement of the decedent's supervising officer, and a report by the Illinois Attorney General's office. Based upon these documents, the Court finds as follows:

1. That the Claimant, Betty F. Pine, is the wife of the decedent, and in the absence of a designated beneficiary, section 3(a) of the Act provides that any award hereunder shall be paid to the surviving widow.

2. That the decedent, John R. Pine, Jr., was an investigator in the Consumer Fraud Division, and, in the Special Prosecution Unit of the Office of the Attorney General in Springfield, Illinois, and was so employed on April 28, 1975.

3. That on said date, decedent had commenced work at 9:00 a.m. The statement of the supervising officer of the decedent indicates that he had been assigned to investigate a murder case and an automobile theft ring case. His investigations entailed intensive work which led to many hours of uncompensated overtime. Investigation showed that Mr. Pine became ill at his desk and had told fellow employees that he had experienced a sharp pain in his head. No injury, however, was suffered by the deceased in the office of the Attorney General on

this date. He was taken to the hospital in a private car, and while enroute it was noted that his speech became extremely slurred. His death followed on April 30, 1975. The medical certificate of death shows that the immediate cause of death was a hemorrhage in the left frontal lobe of the brain.

4. That decedent, as an investigator for the Attorney General's office, was not a "law enforcement officer" as defined by section 2(a) of the Act. Ill. Rev. Stat. 1977, ch. 48, par. 282(a).

5. That the death of John R. Pine, Jr. did not stem from circumstances which involved loss of life as a result of injury received by a law enforcement officer. Furthermore, injury which led to the death of the deceased did not arise from violence or accidental cause. Therefore, Mr. Pine was not "killed in the line of duty" as defined in section 2(e) of the Act.

We find, therefore:

(a) that Mr. Pine was not a law enforcement officer as defined in section 2(a) of the Act.

(b) that the decedent was not killed in the line of duty as defined in section 2(e) of the Act; and

(c) that the proof submitted in support of this claim does not satisfy the requirements of the Act, and the claim is therefore not compensable thereunder.

It is hereby ordered that the claim of Betty F. Pine, as wife of the deceased investigator, John R. Pine, Jr., be denied.